UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| THOMAS WARREN,<br><br>                        Plaintiff,<br><br>vs.<br><br>JOHN JAYNE, Boise Police<br>Department,<br><br>                        Defendant. | Case No. 1:23-cv-00319-BLW<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Complaint of Plaintiff Thomas Warren was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 1. 3. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff must file an amended complaint.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

On June 30, 2022, Boise Police officers, including Defendant John Jayne, came to Plaintiff's house after he and his wife had an argument about his alcoholism and he had sent "drunken texts" to his wife. Plaintiff's wife had left the house, and Plaintiff was sleeping when officers arrived for a "welfare check." What happened next is unknown, because it appears that parts of the Complaint are missing. Page four ends with, "After

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

some back," and page five begins with, "After the initial 72 hours I met with an interviewer from the Department of Health and Welfare." Dkt. 3. Because an excessive force claim must specify facts supporting the elements of that cause of action, Plaintiff will be required to submit an entirely new complaint, following the guidelines set forth below.

**2. Standard of Law for Screening Prisoner Pleadings**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Bare allegations that amount to merely a restatement of the elements of a cause of action, without adequate factual support, are not enough to withstand a Federal Rule of Civil Procedure 12(b)(6) challenge for dismissal for failure to state a claim upon which relief can be granted. *See id*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts, under the *Iqbal*/*Twombly* standard.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

### 3.  Standard of Law for Government Use of Force

A § 1983 claim may be based upon the Fourth Amendment when the police use excessive force during arrest procedures. *See Robins v. Harum*, 773 F.2d 1004 (9th Cir. 1985). To state a claim for excessive force, a plaintiff must provide facts showing (1) what the plaintiff did or said that led the defendant to think that physical force was necessary; (2) that the defendant used physical force on plaintiff in a malicious and sadistic way to cause harm, rather than in a good faith effort to maintain or restore discipline; (3) the defendant's stated or perceived reason for using physical force, if known; (4) whether the defendant made any effort to lessen or temper the severity of a forceful response; (5) why the amount of forced used was unreasonable; and (6) the extent of injury the plaintiff suffered. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

The question whether an officer has used excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. In addition, the analysis must consider "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396–397.

### 4. Instructions for Amendment

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are

unrelated to a list of defendants elsewhere in the pleading. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met (see Fourth Amendment discussion above); (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint within 30 days after entry of this Order. If he does not, this case will be dismissed for failure to state a claim upon which

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

relief can be granted.

2.  Plaintiff's request for appointment of counsel, contained in the Complaint, is
    DENIED without prejudice. If Plaintiff files an amended complaint, the Court will
    reconsider appointment of pro bono counsel after reviewing the contents of the
    amended complaint.

DATED: November 3, 2023

B. Lynn Winmill
U.S. District Court Judge