UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS WARREN,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOHN JAYNE, Boise Police Department,<br><br>                    Defendant. | Case No. 1:23-cv-00319-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

The Court ordered Plaintiff Thomas Warren to file an amended complaint to clarify his claims. Dkt. 6. Plaintiff has filed a proposed Amended Complaint with a Motion for Review. Dkts. 9, 10. Having reviewed the Amended Complaint, the Court concludes that Plaintiff has not provided enough factual information for the Court to determine whether he has stated a claim, and that the most judicially-efficient course of action is to order Defendant John Jayne to provide a Martinez report to explain to the Court some of the necessary facts not within Plaintiff's control.

**REVIEW OF AMENDED COMPLAINT**

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

### 1. Factual Allegations

On June 30, 2022, Boise Police officers, including Defendant John Jayne, came to Plaintiff's house after he and his wife had an argument about his alcoholism, and he had sent "drunken texts" to his wife. Plaintiff's wife had left the house, and Plaintiff was sleeping when officers arrived for a "welfare check." *See* original Complaint, Dkt. 3.

Plaintiff alleges that Officer Jayne arrested Plaintiff without probable cause or a warrant. Plaintiff also alleges that Officer Jayne unnecessarily applied a chokehold to Plaintiff's neck, causing bruises, cuts, and abrasions. Finally, Officer Jayne allegedly unnecessarily placed Plaintiff in an involuntary medical hold in the Intermountain Hospital for a period of 144 hours. Plaintiff seeks monetary damages of $50,000. *See* Amended Complaint, Dkt. 9.

The Idaho Supreme Court Register of Actions shows that Plaintiff was charged with felony domestic violence battery, attempted strangulation, and destruction or alteration of evidence on July 17, 2022,[1] which is shortly after the incidents complained of (June 30, 2022). It is unclear whether these charges arose from the incident of which Plaintiff complains, or whether they are related.

### 2. Standard of Law for Screening Prisoner Pleadings

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell*

---

[1] https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0 (accessed 04/30/224).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Bare allegations that amount to merely a restatement of the elements of a cause of action, without adequate factual support, are not enough to withstand a Federal Rule of Civil Procedure 12(b)(6) challenge for dismissal for failure to state a claim upon which relief can be granted. *See id.*

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts, under the *Iqbal/Twombly* standard.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute, which is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**

### 3. *Heck v. Humphrey* Implications

As the Court noted above, the Amended Complaint is unclear whether Plaintiff's claims are related to criminal charges. If the convictions upon which Plaintiff is imprisoned arose from the incident of June 30, 2022, some of the claims may be barred by the rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the United States Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply that a plaintiff's conviction is invalid, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted).

The Court needs more factual information about Plaintiff's convictions to determine whether any of his claims are *Heck*-barred.

### 4. Excessive Force Claim

When police officers use excessive force during arrest procedures, a plaintiff may bring a § 1983 claim based upon the Fourth Amendment. *See Robins v. Harum*, 773 F.2d 1004 (9th Cir. 1985). To state a claim for excessive force, a plaintiff must provide facts

showing (1) what the plaintiff did or said that led the defendant to think that physical force was necessary; (2) that the defendant used physical force on plaintiff in a malicious and sadistic way to cause harm, rather than in a good faith effort to maintain or restore discipline; (3) the defendant's stated or perceived reason for using physical force, if known; (4) whether the defendant made any effort to lessen or temper the severity of a forceful response; (5) why the amount of forced used was unreasonable; and (6) the extent of injury the plaintiff suffered. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

The question whether an officer has used excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. In addition, the analysis must consider "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396–397.

Here, Plaintiff has not alleged sufficient facts to enable the Court to assess whether an excessive force claim lies.

**5.   Claim of Unlawful Placement in Mental Health Facility**

Involuntary confinement or civil commitment is a significant deprivation of liberty that requires due process protections. *See Addington v. Texas*, 441 U.S. 418, 425 (1979). In general, due process precludes the involuntary hospitalization of a person who is not both mentally ill *and* a danger to oneself or to others. *O'Connor v. Donaldson,* 422 U.S. 563, 575 (1975). Under the Fourth Amendment, seizure of an allegedly mentally ill person is analogous to a criminal arrest and must be supported by probable cause. *Maag v. Wessler*, 960 F.2d 773, 775–76 (9th Cir. 1992) (per curiam); *Jensen v. Lane Cnty.*, 312 F.3d 1145, 1146 (9th Cir. 2002). There are insufficient facts in the record to show whether Defendant made the decision to place Plaintiff in a mental hospital, and, if so, on what grounds (beyond those apparent in the pleadings).

**6.   Martinez Report**

In pro se prisoner cases, it is often difficult or impossible for the plaintiff prisoner to gather the facts necessary to state a civil rights claim. Here, Plaintiff's allegations raise the question of whether his civil rights were violated; at the same time, the facts that he has presented show that there are additional facts in possession of the police officers and city attorney that may show he cannot meet all of the elements required to state a claim or that some of his claims are so related to criminal convictions that he cannot proceed due to the *Heck* procedural bar.

Therefore, the Court will order Defendant to provide a brief Martinez report to supply any related facts and documentation to aid in the screening of Plaintiff's claims. The Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652,

659 (9th Cir. 2008), concluding that, "[a]s a permissible option within its broad

discretion, a district court in an appropriate case can issue a Martinez-style order that is

reasonably tailored to the pretrial needs of the district court to assess the case."

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review Amended Complaint (Dkt. 10) is GRANTED.

2. The Clerk of Court shall serve, via the ECF system or United States first class

    mail, a copy of this Order and Plaintiff's Amended Complaint (Dkt. 9) on the

    following counsel on behalf of Defendant John Jayne: Boise City Attorney, 150 N.

    Capitol Blvd, Boise, Idaho 83702.

3. The Clerk need not send a waiver of service of summons at this time, because the

    case remains in screening status.

4. Counsel for Defendant are requested to make a limited appearance for the purpose

    of providing a brief Martinez report, supported by any relevant documents. A

    notice of limited appearance should be filed within **14 days** after entry of this

    Order. The Martinez report should be filed within **60 days** after entry of this

    Order.

5. The Martinez report does not need to be in any particular format, but counsel can

    present the report in any organized manner that makes sense in response to the

    allegations of the Complaint and this Order. Exhibits that implicate privacy or

    security concerns may be filed under seal or in camera, as may be appropriate.

Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

6. Plaintiff may file a response to the Martinez report within **14 days** after the report is filed.

7. The Court will then provide instructions for further amendment or an explanation of why the complaint or particular claims will be dismissed.

DATED: May 3, 2024

B. Lynn Winmill
U.S. District Court Judge